# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-40178
Summary Calendar

GREGORY JONES,

Plaintiff-Appellant,

versus

TOWN OF FLOWER MOUND; DAVE BRUNGARDT;
TERRY WELCH; BOBBY JONES; BILL PARKER;
WESS JONES; PARKER-JONES, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(4:96-CV-272)

November 11, 1198

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregory Jones appeals an adverse summary judgment in favor of the Town of Flower Mound and Dave Brungardt, its police chief, on his claim that he was discharged in retaliation for exercising first amendment rights.[1] For the reasons assigned we affirm.

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

[1]All other claims are waived for failure of briefing.

## BACKGROUND

While employed as a police officer by the Town of Flower Mound plaintiff became involved in an internal investigation of another officer whom plaintiff had implicated in criminal wrongdoing. Before the investigation was concluded Chief Brungardt opted to secure the services of a private firm to review the internal investigation and determine whether criminal charges or disciplinary action should be brought against the implicated officer. Plaintiff and other officers protested this decision, accusing the chief of attempting to cover up criminal wrongdoing by the officer who allegedly had a close personal relationship with the chief. Subsequently, the outside investigators cleared the officer of any wrongdoing and concluded that plaintiff had made false statements against him. The firm administered a polygraph test to both men; the challenged officer passed the test, plaintiff failed same. After receiving the report and the polygraph test results, the chief fired plaintiff.

Plaintiff contends that he was terminated because he accused the chief of misconduct, dismissing as a sham both the investigative report and the damning polygraph test results.

## ANALYSIS

To state a claim for retaliation in violation of the first amendment, an employee must show: "(1) that [his] speech involved a matter of public concern, (2) that [he] suffered an adverse employment action for exercising [his] First Amendment rights, and (3) that [his] exercise of free speech was a substantial or motivating factor in the

adverse employment action."[2]  Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record.[3]  Speech addressing only an employee's personal employment conditions does not qualify as a matter of public concern.[4]

> Because almost anything that occurs within a public agency could be of concern to the public, we do not focus on the inherent interest or importance of the matters discussed by the employee.  Rather, our task is to decide whether the speech at issue in a particular case was made primarily in the plaintiff's role as a citizen or primarily in his role as employee.  In making this determination, the mere fact that the topic of the employee's speech was one in which the public might or would have had a great interest is of little moment.[5]

That an employee's speech contains an element of personal interest is not fatal, however, if the speech also involves matters that go beyond those of purely personal interest. [6]

The district court, whose judgment we review de novo,[7] concluded that plaintiff's speech was not protected under the first amendment because he had spoken out as an employee concerned about an internal policy matter rather than as a citizen concerned about a police cover-up.  Noting that a police cover-up qualifies as a matter

[2]**Bennington v. City of Houston**, __ F.3d __, 1998 WL 685661 (5th Cir. 1998) (citing **Harrington v. Harris**, 118 F.3d 359, 365 (5th Cir. 1997)).

[3]**Connick v. Myers**, 461 U.S. 138 (1983).

[4]**Ayoub v. Texas A&M Univ.**, 927 F.2d 834 (5th Cir. 1991).

[5]**Terrell v. University of Texas Sys. Police**, 792 F.2d 1360, 1362 (5th Cir. 1982).

[6]**Benningfield**, 1998 WL at *3 (citing **Thompson v. City of Starkville**, 901 F.2d 456, 463 (5th Cir. 1990)).

[7]**See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.**, 937 F.2d 274 (5th Cir. 1991).

of public interest, the court held that plaintiff's goal was solely to advance his personal interests in what, from his perspective, was an internal procedural personnel dispute. In the alternative, the court held that the evidence was insufficient to show a causal connection between plaintiff's speech and his termination. Finally, the court pointed to the absence of any evidence of an actual cover-up. Having found no constitutional violation, the court determined that the doctrine of qualified immunity barred plaintiff's suit against the individual defendants and that the absence of an underlying constitutional violation precluded suit against the municipality.

Plaintiff contends that the district court erred in concluding: (1) that he had spoken out solely in his capacity as an employee; (2) that he failed to present evidence that his speech motivated the discharge; and (3) that the absence of evidence of a cover-up has any bearing on his claim.

Agreeing with the trial court that plaintiff spoke in his capacity as an employee and not as a public citizen, we need not consider the second and third assignments of error. The gravamen of plaintiff's complaint is his removal from the investigation and the chief's manner of handling the procedural aspects of the investigation. A close review of the record persuades that plaintiff was simply embroiled in a heated internal dispute that was of great concern to him on a personal level. His goal in voicing his concerns was not to reveal police misconduct but, rather, to guard his personal interests. The trial court did not err and its judgment is AFFIRMED.